JOHN T. BELL (SBN 209941)
LAW OFFICES OF JOHN T. BELL
151 Callan Avenue, Suite 102
San Leandro, CA 94577
TEL: 510-895-4044
FAX: 510-895-4077

Attorney for Plaintiff Lisa Marie Close

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE CLOSE <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF VACAVILLE and STUART K. TAN <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

COMES NOW PLAINTIFF LISA MARIE who hereby alleges as to defendants, as follows:

## JURISDICTION AND VENUE

1. This action arises under Title 42 United States Codes 1983.

2. Jurisdiction is conferred by virtue or 28 U.S.C. 1331 and 1343.

3. The conduct alleged herein occurred in the County of Solano. Venue or this action lies in the United States District Court for the Eastern District of California under 28 U.S.C. 1391 (a)(2).

4. Plaintiff, LISA MARIE CLOSE (hereinafter "plaintiff") also invokes as pendent claims, as to which she has complied with all claims filing requirements of the California Government Code. City of Vacaville has denied those claims on January 12, 2017. Plaintiff's pendent claims are so related to the federal claims arising under the constitution and laws of the United States that they form part of the same case or controversy under Article III of the Constitution. Supplemental jurisdiction over the pendent State claims is proper under 28 U.S.C. 1367(a).

## PARTIES

5. Plaintiff is a citizen of the United States and at all relevant times was a resident of the County of Sacramento.

6. The CITY OF VACAVILLE is a public entity duly organized and existing under the laws of the State of California.

7. Defendant STUART K. TAN was employed as a police officer by the City of Vacaville. Said defendant is sued in his individual capacity and in his official capacity as an employee of the City of Vacaville.

8. Plaintiff is informed and believes and thereupon alleges that each of the defendants named herein was the agent, servant, employee, partner or joint venturer of the other defendants herein, was acting in the course and scope of employment and under color of state law. Defendant CITY OF VACAVILLE is vicariously liable for the acts if each defendant in this action.

9. It is further alleged that in doing the acts omissions complained of, the defendants, and each of them, acted in concerts with and/or conspired with other defendants named herein.

## STATEMENT OF FACTS

10. On or about June 2, 2016, plaintiff went to a doctor's appointment. Plaintiff and her doctor disagreed on her course of treatment. At no point doing the discussion did plaintiff threatened to cause harm to her doctor or used profane language towards her doctor. When the doctor left the room, plaintiff walked out of the room and had a brief discussion with hospital personnel. After speaking with the hospital personnel, plaintiff returned to the exam room to collect her belonging. As plaintiff is collecting her belongings and preparing to leave, a security officer comes to the door and informs plaintiff that he is going to escort her off the property and a police officer in en-route. Prior to speaking with the security officer, no one affiliated with the medical facility has asked plaintiff to leave. Plaintiff became confused and did not understand why there was a need for a security office to escort her off the property and why police officer had been called. Plaintiff immediately, on her cellular, attempted to call a hospital supervisor to find out what was going on and was place on hold.

11. At some point Defendant STUART K. TAN arrived while plaintiff was still on hold. Defendant STUART K. TAN told plaintiff that she is trespassing and she is wasting his time by having a police respond to something as trivial as trespassing. Plaintiff informs Defendant STUART K. TAN that she is trying to speaking with a hospital supervisor regarding this incident. Defendant STUART K. TAN became upset and grabs plaintiff's arm and attempts to drag plaintiff. As defendant STUART K. TAN attempts to drag plaintiff, he grabs the phone and wrenches the phone from plaintiff's hand. The phone ends up on the opposite side of the

room. Plaintiff informs defendant STUART K. TAN that she suffers from Asperger's syndrome. Defendant STUART K. TAN did not respond to plaintiff's statement; instead, he yells at her that she needs to leave the room. Defendant STUART K. TAN bear hugs plaintiff and plaintiff temporarily loses consciousness and falls to the floor After plaintiff regains her consciousness and gets up from the floor, defendant STUART K. TAN grabs plaintiff again and knocks her to the ground face first. Defendant STUART K. TAN twists plaintiff's arm which causes plaintiff to feel excruciating pain. Plaintiff feels something tear in her arm. At no point did plaintiff attempt to resist. Defendant STUART K. TAN handcuffs plaintiff. Plaintiff is in a tremendous amount of pain.

12. At some point, defendant STUART K. TAN transports plaintiff to a jail facility. While at the jail, plaintiff experiences severe arm pain. At some point, plaintiff is taken from the jail, by defendant STUART K. TAN to a medical facility. Defendant STUART K. TAN forcefully handcuffs plaintiff and grabs her injured arm. Plaintiff cries out in pain. At some point, hospital personnel informed plaintiff that she has a broken arm.

13. At some point, plaintiff was released from the hospital and given a notice to appear in Sacramento County Superior Court. As of the date of this complaint, Solano County District Attorney's Office has not filed any criminal charges against plaintiff.

14. Plaintiff is informed and believes that the acting and omissions alleged herein were ratified by defendant CITY OF VACAVILLE.

## STATEMENT OF DAMAGES

15. Plaintiff suffered and continues to suffer general damages including physical pain and suffering and emotional trauma, worry, anxiety, humiliation and distress as a result of this

conduct and the continued threat of future harm by defendants in an amount to be determined according to proof.

16. As a further result of defendants' conduct, plaintiff incurred and will incur general and special damages, including damages for medical bills, fees for posting bail, and lost wages.

17. The police officer's conduct was wanton, malicious and oppressive and/or done with a conscious or reckless disregard for the rights of plaintiff. Plaintiff therefore prays for an award of punitive and exemplary damages against the police officers according to proof.

18. Plaintiff has retained private counsel to represent her in this matter and is entitled to an award of attorneys' fees.

### FIRST CAUSE OF ACTION
(42 U.S.C. 1983- Fourth Amendment-Unlawful Detention and Arrest Against Defendant STUART K. TAN)

19 Plaintiff hereby re-alleges incorporation by reference as though fully set forth herein all prior paragraphs of this First Amended Complaint.

20. Defendant STUART K. TAN intentionally, unreasonably and unlawfully seized plaintiff when they detained er without a warrant and without reasonable suspicion that plaintiff was engaged in criminal activity.

21. Defendant STUART K. TAN unlawfully arrested plaintiff without a warrant and without probable cause that plaintiff had committed or was committing a crime.

22. As a result of this unlawful conduct by the individual defendant, the plaintiff was deprived of her rights protected by the United States Constitution, including but not limited to the Fourth Amendment to the Constitution of the United States.

WHEREFORE, plaintiff prays for relief as set forth herein

## SECOND CAUSE OF ACTION
(42 U.S.C. 1983- Fourth Amendment-Excessive Force
Against Defendant STUART K. TAN)

23. Plaintiff hereby re-alleges incorporation by reference as though fully set forth herein all prior paragraphs of this Complaint.

24. Defendant STUART K. TAN used excessive and unreasonable force against plaintiff while detaining and arresting plaintiff when he bear hugged plaintiff, slammed plaintiff to the ground, twisted her arm and arrested her in violation of her rights under the Fourth Amendment to the United States Constitution.

25. The conduct of Defendant STUART K. TAN was a substantial factor in causing harm to plaintiff as alleged herein.

26. As a result of this conduct by the individual defendant, the plaintiff was injured and deprived of her rights protected by the United States Constitution, including but not limited to the Fourth Amendment to the Constitution of the United States.

WHEREFORE, plaintiff prays for relief as set forth herein.

## FOURTH CAUSE OF ACTION
(42 U.S.C. 1983- Municipal Liability-Ratification)
(Against Defendant CITY OF VACAVILE)

27. Plaintiff hereby re-alleges incorporation by reference as though fully set forth herein all prior paragraphs of this Complaint.

28. The acts of Defendant STUART K. TAN deprived the plaintiff of her rights under the United States Constitution. The Chief of Police and the Professional Standards unit or the Vacaville Police Department had final policy making authority from Defendant CITY OF

VACAVILLE concerning the acts of the police officer and the basis for it, that is, the Chief of Police approved of his conduct in detaining and arresting plaintiff with excessive force in violation of his rights under the Fourth Amendment to the Constitution of the United States.

WHEREFORE, plaintiff prays for relief as set forth herein.

### FIFTH CAUSE OF ACTION
(BATTERY)
(Against Defendant STUART K. TAN)

29. Plaintiff incorporates by reference paragraphs 11 and 12 of this Complaint as if fully set forth.

30. Defendants STUART K. TAN intended to cause and did cause harmful contact with plaintiff's person.

31. Plaintiff did not consent to Defendant STUART K. TAN acts.

32. As a direct and proximate result of Defendant STUART K. TAN conduct, plaintiff suffered a broken arm. Plaintiff has also suffered extreme mental anguish and physical pain. These injuries have caused plaintiff to suffer general damages in an amount to be determined by proof at trial.

33. As a direct and proximate result of defendant's conduct, plaintiff was required to obtain medical care and treatment.

34. Defendant STUART K. TAN acts were done knowingly, willfully, and with malicious intent, and plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

\\\

\\\

\\\

## SIXTH CAUSE OF ACTION
(ASSAULT)
(Against Defendant STUART K. TAN)

35. Plaintiff incorporates by reference paragraphs 11 and 12 of this Complaint as if fully set forth

36. Defendant STUART K. TAN intended to cause and did cause plaintiff to suffer apprehension of an immediate harmful contact.

## SEVENTH CAUSE OF ACTION
(FALSE ARREST)
(Against Defendant STUART K. TAN)

37. Plaintiff hereby re-alleges incorporation by reference as though fully set forth herein all prior paragraphs of this Complaint.

38. The City of Vacaville police officer unlawfully arrested plaintiff without a warrant or any other legal process and took plaintiff into custody against the will of plaintiff.

39. After arresting plaintiff, the police officer brought plaintiff to a jail facility where plaintiff was detained until she was taken to a medical facility.

40. During the time that plaintiff was detained, the arresting police officer nor any member of the Vacaville Police Department made any attempt to conduct an investigation so as to determine in fact there was probable cause to arrest and detain plaintiff, nor was plaintiff taken to any judicial officer or magistrate.

41. Plaintiff did not commit any offense and the defendants did not have any reasonable cause to believe that plaintiff had committed any offense.

42. As a proximate and direct result of the acts alleged in this Complaint, plaintiff was deprived of her freedom and was subjected to severe and painful injury at the time of her arrest, and in addition suffered mental and physical anguish, anxiety and embarrassment, all to her detriment in an amount to be determined at trial

## PRAYER FOR RELIEF

1. For compensatory and economic damage according to proof;

2. For general damages according to proof;

3. For damages provided by law;

4. For an award of interest, including prejudgment interest as the legal rate;

5. For an award of attorneys' fees and costs;

6. For punitive damages against the individual defendants;

7. For injunctive relief.

8. For such other and further relief as the Court may deem just necessary and appropriate

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all claims for which she is entitled to a jury trial.

Dated: June 26, 2017                              LAW OFFICES OF JOHN T. BELL


                                                  By: S:/John T. Bell
                                                      Attorneys for Plaintiff
                                                      LISA MARIE CLOSE