Richard W. Osman, State Bar No. 167993
Sheila D. Crawford, State Bar No. 278292
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email: rosman@bfesf.com
Email: scrawford@bfesf.com

Attorneys for Defendants
CITY OF VACAVILLE and STUART K. TAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE CLOSE<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF VACAVILLE and STUART K. TAN<br><br>     Defendants. | Case No. 2:17-cv-01313-WBS-DB<br><br>**DEFENDANTS CITY OF VACAVILLE AND STUART K. TAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**DEFENDANTS' DEMAND FOR JURY TRIAL**<br><br>**Date:**         December 18, 2017<br>**Time:**         1:30 pm<br>**Courtroom:** 5, 14th Floor<br>**Judge:**        Hon. William B. Shubb |

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED .................1

II. STATEMENT OF FACTS ALLEGED BY PLAINTIFF ...............................................................1

III. LEGAL ARGUMENT...........................................................................................................2

    A. The Complaint Fails to State Facts To Withstand Dismissal Under FRCP Rule 12(b)(6) ..........................................................................................................................2

    B. The Complaint Fails To State Facts To State A §1983 Monell Claim Against the CITY ..............................................................................................................................4

        1. The Complaint Fails To Show A CITY Pattern, Policy Or Custom........................5

        2. The Complaint Fails To State Facts To Support A Ratification Claim ..................6

        3. The Complaint Fails To State A Claim Based On Inadequate Training..................7

    C. Plaintiff's Prayer For Injunctive Relief Is Improper And Unsupported By Facts ...............9

IV. CONCLUSION....................................................................................................................10

i

DEFENDANTS CITY OF VACAVILLE AND STUART K. TAN'S NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFF'S COMPLAINT
*Close v. City of Vacaville, et al.* U.S. District Court Case No. 2:17-cv-01313-WBS-DB

# TABLE OF AUTHORITIES

**Cases**

*AE ex rel. Hernandez v. County of Tulare*
   666 F.3d 631 (9th Cir. 2012) ................................................................................................ 3, 5

*Aguilera v. Baca*
   510 F.3d 1161 (9th Cir. 2007) ................................................................................................... 5

*Albrecht v. Lund*
   845 F.2d 193 (9th Cir. 1988) ..................................................................................................... 4

*Arres v. City of Fresno*
   2011 WL 284971 at *28 (ED Cal. 2011) ................................................................................... 6

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ........................................................................................................ passim

*Balistreri v. Pacifica Police Dept.*
   901 F.2d 696 (9th Cir. 1990) ..................................................................................................... 2

*Beck v. City of Upland*
   527 F.3d 853 (9th Cir. 2008) ..................................................................................................... 6

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ........................................................................................................ passim

*Bivens v. Si Unknown Fed. Narcotics Agents*
   403 U.S. 388 (1971) ................................................................................................................... 9

*Board of the County Commissioners of Bryan County v. Brown*
   520 U.S. 397 (1996) .............................................................................................................. 4, 5

*Castro v. Cnty. of Los Angeles*
   833 F.3d 1060 (9th Cir. 2016) ................................................................................................... 5

*Chavez v. U.S.*
   683 F.3d 1102 (9th Cir. 2012) ................................................................................................... 4

*Christie v. Iopa*
   176 F.3d 1231 (9th Cir. 1999) ............................................................................................... 6, 7

*City of Canton v. Harris*
   489 U.S. 378 (1989) ...................................................................................................... 4, 5, 7, 8

*City of Los Angeles v. Heller*
   475 U.S. 796 (1986) ................................................................................................................... 5

*City of Los Angeles v. Lyons*
   461 U.S. 95 (1982) ................................................................................................................ 9, 10

*City of St. Louis v. Praprotnik*
   485 U.S. 112 (1988) .............................................................................................................. 4, 6

ii

DEFENDANTS CITY OF VACAVILLE AND STUART K. TAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Close v. City of Vacaville, et al.* U.S. District Court Case No. 2:17-cv-01313-WBS-DB

*Clegg v. Cult Awareness Network*
    18 F.3d 752 (9th Cir. 1994) ................................................................................................ 3

*Conley v. Gibson*
    355 U.S. 41 (1957) ............................................................................................................. 3

*Connick v. Thompson*
    563 U.S. 51 (2011) ........................................................................................................ 4, 8

*De La Cruz v. Tormey*
    582 F.2d 45 (9th Cir. 1978) ............................................................................................... 3

*Dougherty v. City of Covina*
    654 F.3d 892 (9th Cir. 2011) ............................................................................................. 8

*Frankin v. Gwinnett County Public Schools*
    503 U.S. 60 (1992) ............................................................................................................. 9

*Gillette v. Delmore*
    979 F.2d 1342 (9th Cir. 1992) ........................................................................................... 6

*Hodgers-Durgin v. Gustavo De La Vina*
    199 F.3d 1037 (9th Cir. 1999) ........................................................................................... 9

*Hunter v. Cnty of Sacramento*
    652 F.3d 1225 (9th Cir. 2011) ........................................................................................... 5

*Johnson v. City of Vallejo*
    99 F.Supp.3d 1212 (E.D. Cal. 2015) ................................................................................. 5

*Kanae v. Hodson*
    294 F.Supp.2d 1179 (D. Haw. 2003) ................................................................................ 6

*Lopez v. Smith*
    203 F.3d 1122 (9th Cir. 2000) ........................................................................................... 4

*Maya v. Centex Corp.*
    658 F.3d 1060 (9th Cir. 2011) ........................................................................................... 4

*Monell v. New York City Dept. of Social Servs.*
    436 U.S. 658 (1978) ................................................................................................... passim

*Monsanto Co. v. Geertson Seed Farms*
    130 S.Ct. 2743 (2010) ........................................................................................................ 9

*Moss v. U.S. Secret Svc.*
    572 F.3d 962 (9th Cir. 2009) ............................................................................................. 3

*Nadell v. Las Vegas Metro Police Dept.*
    268 F.3d 924 (9th Cir. 2001) ............................................................................................. 6

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) ............................................................................................. 5

iii

DEFENDANTS CITY OF VACAVILLE AND STUART K. TAN'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
*Close v. City of Vacaville, et al.* U.S. District Court Case No. 2:17-cv-01313-WBS-DB

*Pembaur v. City of Cincinnati*
   475 U.S. 469 (1986)............................................................................................................5, 6

*Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*
   130 F.3d 432 (9th Cir. 1997) .................................................................................................5

*Starr v. Baca*
   652 F.3d 1202 (9th Cir. 2011) ...............................................................................................3

*Trevino v. Gates*
   99 F.3d 911 (9th Cir. 1996) ...................................................................................................5

*Weinberger v. Romero-Barcelo*
   456 U.S. 305 (1982)...............................................................................................................9

*Western Mining Council v. Watt*
   643 F.2d 618 (9th Cir. 1981) .................................................................................................3

**<u>Statutes</u>**

42 U.S.C. § 1983...................................................................................................................passim

Fed. Rule of Civ. Proc. 12(b)................................................................................................... 1, 3

iv

DEFENDANTS CITY OF VACAVILLE AND STUART K. TAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Close v. City of Vacaville, et al.*  U.S. District Court Case No. 2:17-cv-01313-WBS-DB

# NOTICE

TO PLAINTIFF LISA MARIE CLOSE AND HER ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on December 18, 2017, at 1:30 pm, or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court, located at 501 I Street, Sacramento, CA 95814, defendants the CITY OF VACAVILLE and Officer STUART K. TAN will and hereby do move this Court for an order granting dismissal of the claims specified below and contained in plaintiff's complaint, for failure to state any claim upon which relief can be granted. This motion is brought pursuant to Federal Rules of Civil Procedure (FRCP), Rule 12(b), subsection (6), as set forth more fully in the Memorandum of Points and Authorities below, on the grounds that dismissal is appropriate because the complaint fails to allege facts sufficient to state claims upon which relief can be granted against defendants. This motion is based on this notice, the memorandum of points and authorities, the papers and pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter. Defendants also request a jury trial in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED

Plaintiff LISA MARIE CLOSE brings this action against defendants the CITY OF VACAVILLE and Officer STUART K. TAN for violation of civil rights under 42 U.S.C. § 1983 and state law claims arising out of her arrest on June 2, 2016. Plaintiff's complaint fails to state facts sufficient to state each of the claims asserted, relying on "naked assertions" devoid of "further factual enhancement." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).) Specifically, dismissal is warranted because:

1)   The complaint is unsupported by facts to state a §1983 *Monell* claim against the CITY; and,

2)   The claim for injunctive relief is unsupported by facts.

### II.   STATEMENT OF FACTS ALLEGED BY PLAINTIFF

Plaintiff alleges that on June 2, 2016, she went to a doctor's appointment and disagreed with her doctor about her course of treatment. (Complaint, ¶10.) She alleges that she did not threaten to harm her doctor and did not use profanity towards her doctor at any time. She walked out of the exam room and

had a brief discussion with hospital personnel. Thereafter, she went back to the exam room to collect her belongings. A hospital security guard came to the exam room and informed plaintiff that he was going to escort her off the property and that a police officer was on the way. Plaintiff alleges she became confused because she was never asked to leave the hospital and did not believe there was any reason to have a security guard and/or a police officer escort her from the property. Plaintiff used her cellphone to call the hospital supervisor and was placed on hold. (*Id.*)

While plaintiff was on hold, CITY OF VACAVILLE police officer STUART K. TAN arrived at the hospital and informed plaintiff that she was trespassing and needed to leave. (*Id.* at ¶11) Plaintiff informed Officer TAN that she was on hold with the hospital supervisor regarding the incident, but Officer TAN was upset and grabbed her arms. Officer TAN wrenched plaintiff's cellphone from her hand, which caused it to fly to other side of the room. Plaintiff told Officer TAN that she suffers from Asperger's syndrome, but he did not respond. Instead, Officer TAN bear hugged plaintiff, which caused her to temporarily lose consciousness and fall to the floor. Once she woke and stood up, Officer TAN grabbed plaintiff and knocked her to the floor face first. Officer TAN twisted plaintiff's arm, which caused plaintiff excruciating pain. Officer TAN placed plaintiff in handcuffs, escorted her off the property and transported her to jail. (*Id.*)

During the booking process, plaintiff felt pain in her arm. (*Id.* at ¶12.) Officer TAN transported plaintiff to a medical facility. Plaintiff alleges Officer TAN grabbed her arm again and forcefully placed her in handcuffs, which caused her pain. Plaintiff alleges hospital staff told her she had a broken arm. (*Id.*) Plaintiff was released from the hospital and never was prosecuted by the Sacramento County District Attorney's Office. (*Id.* at ¶13.)

### III.   LEGAL ARGUMENT

**A.   The Complaint Fails to State Facts To Withstand Dismissal Under FRCP Rule 12(b)(6)**

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) The Court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. (*Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated in part by Twombly,* 550 U.S. at 560; *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).) However, the Court need not accept as true, conclusionary allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact or legal conclusions couched as facts. (*Iqbal,* 556 U.S. at 678; *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994); *Western Mining Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).)

As the Supreme Court reiterated, FRCP Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation…**A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'…Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement**.'" [Emphasis added.] (*Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' … **A claim has facial plausibility when the plaintiff pleads <u>factual content</u> that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged**. … The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully. … Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" [Emphasis added.] (*Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Servs.*, 572 F.3d 962, 969 (9th Cir. 2009).) "**Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. … Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. … [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss ... where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint … has not 'shown' – 'that the pleader is entitled to relief.'" [Emphasis added.] (*Iqbal*, 556 U.S. at 678-679.) As our Ninth Circuit recognizes:

> [T]o be entitled to the presumption of truth, allegations in a complaint … may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts … the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

(*AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).) "*Twombly* and *Iqbal* … distilled to their essence, impose two requirements.

First, the reviewing court … is not required to credit legal conclusions…Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle plaintiff to relief." (*Maya v. Centex Corp.*, 658 F.3d 1060, 1067-1068 (9th Cir. 2011).)  "Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." (*Chavez v. U.S.*, 683 F.3d 1102, 1109 (9th Cir. 2012).)

Further, "leave to amend may be denied … if amendment of the complaint would be futile…If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." (*Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).)

Plaintiff's complaint in this case fails to state facts sufficient to state the claims identified below. Argument and authorities on these points follows.

**B.     The Complaint Fails To State Facts To State A §1983 *Monell* Claim Against the CITY**

"A municipality cannot be held liable … under § 1983 on a respondeat superior theory." (*Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978).)  Local governing bodies can be sued directly under § 1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern or practice. (*Id.* at 690.)  A municipality is subject to liability under § 1983 only when a violation of a federally protected right can be attributed to (1) an express municipal policy, such as an ordinance, regulation or policy statement (*Monell,* 436 U.S. at 658); (2) a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law" (*City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)); (3) the decision of a person with "final policymaking authority" (*Id.* at 123); or (4) inadequate training that is deliberately indifferent to an individual's constitutional rights (*City of Canton v. Harris,* 489 U.S. 378 (1989)). Plaintiffs must show a sufficient causal connection between the enforcement of the municipal policy or practice and the violation of their federally protected right. (*Harris,* 489 U.S. at 389; *Connick v. Thompson,* 563 U.S. 51, 60, 131 S.Ct. 1350, 1359 (2011.) "[A] municipality can be liable under § 1983 <u>only where its policies are the moving force behind the constitutional violation</u>." [Emphasis added.] (*Harris*, 489 U.S. at 389; *Bd. of the Cnty. Comm'rs. of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1996).)

"[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." (*Brown,* 520 U.S. at 405; *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997); *AE ex rel. Hernandez,* 666 F.3d at 636.) Further, municipal liability is contingent on an underlying violation of constitutional rights. (*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Aguilera v. Baca*, 510 F.3d 1161, 1174 (9th Cir. 2007).) The complaint fails to state facts to state a *Monell* claim under any theory.

### 1. The Complaint Fails To Show A CITY Pattern, Policy Or Custom

To show municipal liability based on a custom or practice, the critical issue is whether there was a particular custom or practice that was so widespread as to have the force of law. (*Brown,* 520 U.S. at 404.) "The custom or policy must be a 'deliberate choice to follow a course of action … made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" (*Castro v. Cnty. of Los Angeles,* 833 F.3d 1060 (9th Cir. 2016), *citing Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986) (plurality opinion).) Unless the policy itself is unconstitutional, or an authorized policymaker committed the unconstitutional act, "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded on practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (*Johnson v. City of Vallejo*, 99 F.Supp.3d 1212, 1218 (E.D. Cal. 2015), *quoting Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir. 1996) *holding modified by Navarro v. Block,* 250 F.3d 729 (9th Cir. 2001).) A custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. (*Hunter v. Cnty of Sacramento*, 652 F.3d 1225 at 1233-34 (9th Cir. 2011).) Further, "It is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference' to the constitutional rights of [parties]." (*Castro,* 833 F.3d at 1076, *citing City of Canton,* 489 U.S at 392.)

In this case, plaintiff merely concludes that "the Chief of Police and the Professional Standards unit or the Vacaville Police Department had final policy making authority from Defendant CITY OF VACAVILLE concerning the acts of the police officer and the basis for it, that is, the Chief of Police

5

approved of his conduct in detaining and arresting plaintiff with excessive force in violation of his [*sic*] rights under the Fourth Amendment to the Constitution of the United States." (Complaint ¶28.) The complaint states no facts at all to support the existence of <u>any</u> CITY custom, policy or practice. The factually devoid conclusions and recitation of the elements of §1983 municipal liability is insufficient to meet plaintiff's pleading burden. Her sparse factual allegations vaguely relate only to the particular incident, and there are no facts showing a practice or custom beyond the subject incident.

### 2. The Complaint Fails To State Facts To Support A Ratification Claim

"To show ratification, a plaintiff must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it." (*Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999); *see also Praprotnik,* 485 U.S., 123-124; *Pembaur,* 475 U.S. at 480-481.)  Municipal policymakers must make a conscious, affirmative, deliberate choice to endorse a subordinate's decision and the basis for it. (*Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992).) "[S]imply going along with the discretionary decisions made by one's subordinates … is not a delegation to them of authority to make policy." (*Praprotnik,* 485 U.S at 128-130; *Gillette,* 979 F.2d at 1348.)  "[M]ere refusal to overrule a subordinate's completed act does not constitute approval.  'To hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983."  (*Christie*, 176 F.3d at 1239-1240.) "We decline to endorse this end run around *Monell*." (*Gillette*, 979 F.2d at 1348.)  "The Ninth Circuit appears to require something more than a failure to reprimand to establish a municipal policy or ratification." (*Kanae v. Hodson*, 294 F.Supp.2d 1179, 1189 (D. Haw. 2003); *Arres v. City of Fresno*, 2011 WL 284971 at *28 (ED Cal. 2011); *Nadell v. Las Vegas Metro Police Dept.*, 268 F.3d 924, 929-30 (9th Cir. 2001)[1].) Plaintiffs must show municipal policymakers knew of unconstitutional conduct by subordinates before the constitutional violations ceased.  (*Christie*, 176 F.3d at 1239-1240.)

Plaintiff's complaint states no facts showing the CITY or any official policymaker knew of unconstitutional conduct by CITY officers, before an alleged violation was completed, and approved it. Her factually unsupported conclusion that the "Chief of Police and the Professional Standards unit or the

---

[1] Abrogated in part on unrelated grounds, as recognized in *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008).

Vacaville Police Department had final policy making authority from Defendant CITY OF VACAVILLE concerning the acts of the police officer and the basis for it, that is, the Chief of Police approved of his conduct in detaining and arresting plaintiff with excessive force" is inadequate to state a ratification claim.  (Complaint ¶28.) Plaintiff's mere recitation of the elements of municipal ratification does not suffice to state a claim.  (*Iqbal*, 556 U.S. at 678-679.)

### 3. The Complaint Fails To State A Claim Based On Inadequate Training

The Complaint fails to state facts to state a *Monell* claim for inadequate training. The Supreme Court carefully explained the parameters of an inadequate training claim in *City of Canton v. Harris,* 489 U.S. 378 (1989). In *City of Canton,* a detainee suffering from emotional ailments claimed the jail staff's failure to summon medical attention for her after she slumped to the floor on two occasions was the result of the City's failure to train.  The Supreme Court held municipal liability on a failure to train theory could attach "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  (*City of Canton,* 489 U.S. at 388.)  The Court explained that: "Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under §1983.… Municipal liability under §1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by city policymakers."  (*Id.* at 389.)  Notably:

> *Monell*'s rule that a city is not liability under §1983 unless a municipal policy causes a constitutional deprivation will not be satisfied by merely alleging that the existing training program for a class of employees, such as police officers, represents a policy for which the city is responsible.…The issue in a case like this one…is whether that training program is adequate, and if it is not, the question becomes whether such inadequate training can justifiably be said to represent 'city policy.' …[Where] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.  In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury. …
>
> [T]he focus must be on adequacy of the training program in relation to the tasks the particular officers must perform.  That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. … It may be … that an otherwise sound program has occasionally been negligently administered.

> Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury- causing conduct.  Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program … And plainly, adequately trained officers occasionally make mistakes: the fact that they do says little about the training program or the legal basis for holding the city liable.
>
> Moreover, … [plaintiff] must still prove that the deficiency in training actually caused the police officers' indifference to her medical needs.
>
> To adopt lesser standards … would result in *de facto respondeat superior* liability on municipalities – a result we rejected in *Monell* … It would also engage the federal courts in an endless exercise of second-guessing municipal employee-training programs.  This is an exercise we believe the federal courts are ill suited to undertake, as well as one that would implicate serious questions of federalism.  (*Id.* at 389-392.)

Accordingly, the Supreme Court has made clear that "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." (*Connick,* 563 U.S. at 61.) Municipal liability for inadequate training requires facts showing deliberate indifference to a constitutional right.  This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymaker of the city can reasonably be said to have been deliberately indifferent to the need." (*City of Canton*, 489 U.S. at 390; *Connick,* 563 U.S. at 62.)

> "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'…A less stringent standard of fault for a failure-to-train claim would result in *de facto respondeat superior* liability on municipalities… [¶] A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train.

(*Connick*, 563 U.S. at 61-62; *see also Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).) Although this is a high standard, the Supreme Court warned that "permitting cases against cities for their 'failure to train' employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior* liability on municipalities.– a result [the Supreme Court] rejected in *Monell*." (*City of Canton,* 489 U.S. at 391-392; *see also, Monell.*) (*Id.* at 389.)

Plaintiff's complaint is devoid of facts showing what the CITY's training was, prior similar acts or any basis to show the need for more or different training was so obvious, and the alleged inadequacy so likely to result in constitutional violations, which are necessary to meet the high deliberate indifference standard. Her conclusions that the "Chief of Police and the Professional Standards unit or

the Vacaville Police Department had final policy making authority from Defendant CITY OF VACAVILLE concerning the acts of the police officer and the basis for it" is plainly is inadequate. (Complaint ¶28.) The complaint states nothing more than "labels and conclusions" and "a formulaic recitation of the elements" of a *Monell* cause of action.  Plaintiff fails to meet her pleading burden and the complaint is insufficient to state a valid § 1983 claim against the CITY under any theory.  (*Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.)

**C.     Plaintiff's Prayer For Injunctive Relief Is Improper And Unsupported By Facts**

Plaintiff prays for "injunctive relief." (Complaint p. 9, ln. 15.) No facts are alleged showing she has standing to seek equitable relief, or justifying such extraordinary judicial relief.  The injunctive relief sought is precisely the type of judicial administration of state police powers disfavored by the Supreme Court and Ninth Circuit Court of Appeal.  As the Supreme Court has held, "recognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers … in the absence of irreparable injury which is both great and immediate."  (*City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983).) Under the Supreme Court's "traditional approach to deciding what remedies are available for violation of a federal right," damages are the default—and equitable relief the exception—for "it is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief." (*Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 75-76 (1992).)  "The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been ... the inadequacy of legal remedies."  (*Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312 (1982).  "Historically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty."  (*Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 395 (1971).)  "'A federal court should not intervene to establish the basis for future intervention that would be so intrusive and unworkable." (*Hodgers-Durgin v. Gustavo De La Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999).)  "[T]he principles of equity…militate heavily against the grant of an injunction except in the most extraordinary circumstances." (*Id.*)   "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course."  (*Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 130 S.Ct. 2743, 2761 (2010).)   If a less drastic remedy is sufficient to redress a claimant's injury, no recourse

to the additional and extraordinary relief of an injunction is warranted.  (*Id.*)

Plaintiff's complaint fails to show "the likelihood of substantial and irreparable injury and the inadequacy of remedies at law" to satisfy the case-or-controversy requirement for standing to assert equitable relief claims.  (*Lyons*, 461 U.S. at 111.)  Indeed, the allegations in the complaint relate only to plaintiff's particular incident, and her request for injunctive relief appears to be to "cure" her specific completed incident.  Plaintiff fails to show a "likelihood of injury" to herself to warrant equitable relief, as she has not stated <u>facts</u> showing a "threat of future harm," and her allegations are "simply too speculative to warrant an equitable judicial remedy." (*Hodgers-Durgin*, 199 F.3d at 1044.)  She also fails to demonstrate inadequacy of remedies at law, as she may pursue an action for damages as she has done in this litigation. Further, the order sought by plaintiff presumably seeks implementation of particular police policies and procedures, which would require the Court's "future intervention that would be so intrusive and unworkable." (*Hodgers-Durgin*, 199 F.3d at 1042.)  Her conclusory allegations are factually unsupported and insufficient to establish standing to assert claims for equitable relief, or to state any claim upon which injunctive relief may be granted in this case.  The prayer for an injunction should be dismissed.

### IV.   CONCLUSION

For the reasons set forth above, defendants respectfully submit that the instant motion to dismiss plaintiff's complaint should be granted.

Dated:  September 20, 2017                     BERTRAND, FOX, ELLIOT, OSMAN & WENZEL


By:  */s/Sheila D. Crawford*
       Richard W. Osman
       Sheila D. Crawford
       Attorneys for Defendants
       CITY OF VACAVILLE and STUART K. TAN