UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

LISA MARIE CLOSE,

    Plaintiff,

v.

CITY OF VACAVILLE and STUART K. TAN,

    Defendants.

CIV. NO. 2:17-1313 WBS DB

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----

Plaintiff Lisa Maria Close initiated this action against the City of Vacaville ("the City") and Officer Stuart K. Tan ("Officer Tan")(collectively "defendants") for violation of her civil rights under 42 U.S.C. § 1983 and state law arising out of her arrest in 2016. Presently before the court is defendants' Motion to Dismiss plaintiff's Monell claim against the City. (Docket No. 14.)

I. Factual and Procedural Background

On June 2, 2016, plaintiff attended a doctor's appointment in which she disagreed with her doctor about her

1

treatment. (First Amended Compl. ("FAC") (Docket No. 12) ¶ 10.) At one point plaintiff walked out of the exam room and had a discussion with hospital personnel. (Id.) Shortly thereafter, plaintiff returned to the exam room to collect her belongings. (Id.) A hospital security guard entered the exam room at that point and informed plaintiff that he was going to escort her off the property and that a police officer was on the way. (Id.) Plaintiff alleges that prior to this she had not been asked to leave the hospital and did not think there was any need for a security guard or police officer to escort her from the property. (Id.) Plaintiff then used her cellphone to call a hospital supervisor and was placed on hold. (Id.)

While plaintiff was on hold, Officer Tan, a City of Vacaville police officer, arrived at the hospital and informed plaintiff that she was trespassing and needed to leave. (Id. ¶ 11.) Plaintiff informed Officer Tan that she was on the phone trying to discuss the incident with a hospital supervisor, but Officer Tan ignored plaintiff and grabbed her arm in an attempt to drag her. (Id.) Officer Tan grabbed plaintiff's cell phone from her hand, causing it to fly to the other side of the room. (Id.) Plaintiff then informed Officer Tan that she suffers from Asperger's Syndrome, but he did not respond to her statement. (Id.) Officer Tan then "bear hugged" plaintiff, causing her to temporarily lose consciousness and fall to the floor. (Id.) When plaintiff regained consciousness and stood up, Officer Tan again grabbed plaintiff and knocked her to the ground. Officer Tan also twisted plaintiff's arm, causing her severe pain. (Id.) Officer Tan then handcuffed plaintiff, escorted her off the

property, and transported her to jail.  (Id. ¶ 12.)

At some point thereafter, plaintiff was transported from jail to a medical facility after complaining of pain in her arm.  (Id.)  According to plaintiff, hospital staff informed her that her arm was broken.  (Id.)  Plaintiff was released from the hospital and given a notice to appear in Sacramento County Superior Court.  (Id. ¶ 13.)  However, as of the date the complaint was filed, the District Attorney's Office had not filed any criminal charges against plaintiff.  (Id.)

On June 26, 2017, plaintiff filed her Complaint in this action alleging five causes of action against Officer Tan and one against the City.  On November 21, 2017, defendants filed a motion to dismiss plaintiff's claim for injunctive relief and Monell claim against the City, which was based on a ratification theory of liability.  (Docket No. 6.)  On December 19, 2017, the court granted defendants' motion, but provided plaintiff with leave to amend.  (Docket No. 11.)  On January 6, 2018, plaintiff filed her First Amended Complaint, in which plaintiff changed the basis of her Monell claim from a ratification theory of liability to an inadequate training theory.  (FAC ¶¶ 27-33.)

II.  Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

III. Discussion

    A.   Monell Claim Against the City

A municipality is subject to liability under § 1983 only when a violation of a federally protected right can be attributed to (1) an express municipal policy (Monell v. New York City Dep't of Soc. Servs., 436 U.S. 648, 690 (1978)); (2) a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law" (City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1998)); (3) the decision of a person with "final policymaking authority" (Id. at 123); or (4) inadequate training that is deliberately indifferent to an individual's constitutional rights (City of Canton v. Harris, 489 U.S. 378 (1989)).

        1.   Inadequate Training Standard

Plaintiff basis her Monell claim against the City upon Officer Tan's alleged inadequate training. A municipality can be held liable based on an inadequate training theory "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, 489 U.S. at 388. To meet this standard, "the need for

more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. at 389. "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 563 U.S. 51, 61 (2011). In fact, a "municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id. "[P]ermitting cases against cities for their 'failure to train' employees to go forward under § 1983 on a lesser standard of fault would result in de facto respondeat superior liability on municipalities--a result [the Supreme Court] rejected in Monell." City of Canton, 489 U.S. at 391-92.

2.   Officer Tan's Training

Here, plaintiff's amended complaint, just like her original complaint, does not explain what the City's training consisted of, whether there were prior similar acts or any other indications that there was a need for more or different training, or whether the alleged inadequacy was likely to result in constitutional violations. Instead, plaintiff's complaint relies entirely on conclusory allegations that Officer Tan was not adequately trained because

> no adequately trained officer would . . . (1) tell a citizen it is a waste of the officer's time to investigate an alleged crime . . . (2) become upset and attempt to drag a citizen out of a room when that citizen has informed the officer that she is attempting to speak with hospital supervisor . . . (3) bear hug a citizen when that

5

citizen informed the officer in a calm manner
that she was on her cell phone . . . (4) have
taken a []violent approach to a citizen when that
citizen informs the officer that she suffers from
Asperger's syndrome . . . (5) [have] slammed a
125 pound woman to the ground face first when
that female did not pose an imminent threat or
was resisting arrest.

(FAC ¶¶ 28-32.) Even if that is true that no adequately trained officer would have behaved in the way that Officer Tan did, [t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." City of Canton, 489 U.S. at 390. Accordingly, because all plaintiff has done is allege that based upon the way one particular officer allegedly behaved he must have been inadequately trained, plaintiff has failed to meet her pleading burden and her complaint is thereby insufficient to state a valid § 1983 claim against the City under the theory of inadequate training.[1]

In its previous Order granting defendants' motion to dismiss, the court clearly identified the facts plaintiff would need to plead in order to establish liability against the City under a theory of inadequate training. (Docket No. 11.) Despite the court's Order, plaintiff's First Amended Complaint does not provide these required facts. Plaintiff has already been given a fair opportunity to improve her complaint to satisfy the necessary requirements, but she has been unable to do so. The

---

[1] Plaintiff does not allege liability of the City based on any other theory.

court therefore concludes that further leave to amend would be futile as plaintiff would likely continue to merely change the basis of her Monell claim without the requisite factual basis to support the claim.  Accordingly, the court will not grant plaintiff leave to amend.

IT IS THEREFORE ORDERED that defendants' Motion to Dismiss (Docket No. 14) be, and the same hereby is, GRANTED. Plaintiff's claim against the City of Vacaville is DISMISSED. All claims against Officer Tan remain.

Dated: March 20, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE